**STATE of Missouri, Respondent,**

v.

**Everett G. BOYD, Appellant.**

No. 36847.

Missouri Court of Appeals,
St. Louis District,
Division Two.

June 15, 1976.

Motion for Rehearing or Transfer
Denied July 9, 1976.

Charles D. Kitchin, Public Defender, James C. Jones, Asst. Public Defender, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Richard L. Poehling, Asst. Circuit Atty., St. Louis, Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Presiding Judge.

The state charged defendant with, and a jury found him guilty of, first degree robbery by forcibly stealing the victim's automobile. The court sentenced defendant to six years' imprisonment and he appeals. He primarily contends the state's evidence was insufficient to identify him as the robber.

The victim, William McCoy, left home one morning and drove to a restaurant where he met defendant, a stranger. McCoy drove to a liquor store where defendant purchased whiskey for them. After the two men had been drinking for an hour or so defendant asked McCoy to drive him to Park Avenue. On arrival defendant brandished a metal bar and said he wanted the car. After defendant had struck McCoy twice with the metal bar McCoy got out, walked away and reported the theft to police.

Late that afternoon police found defendant sitting alone in McCoy's car trying to start it. They arrested defendant and took him to the police station where McCoy identified him in a lineup. McCoy again identified defendant at the trial.

Defendant contends the evidence was insufficient to prove it was he who committed the robbery. He argues that the circumstances of the victim's identification testimony created a substantial likelihood of misidentification. Defendant stresses testimony that McCoy wore glasses at the trial but hadn't worn them during the robbery or when he identified defendant at the lineup; that the robber wore a cap pulled down over his eyes and that before the lineup police told McCoy someone had been found in possession of his car. These are the facts which defendant argues caused a questionable identification.

Defendant argues that if McCoy's identification is discounted the state did not make a submissible case. In determining the sufficiency of evidence we view it favorably to the state. Defendant's argument goes only to the credibility of the witness, not the sufficiency of the evidence. Defendant's argument is further weakened by the fact that on the day of the robbery police found defendant in sole possession of the stolen automobile. The evidence supports the conviction.

Defendant also argues that the trial court erred by overruling his objection to the state's final argument that defendant intended to strip McCoy's car. Police testified they found defendant alone in the stolen car just outside an auto junkyard. From this it was not illogical to infer defendant intended to have the car stripped. The propriety of the prosecutor's remarks was within the trial court's discretion. We find no abuse of that discretion. *State v. Taylor,* 508 S.W.2d 506[15, 16] (Mo.App. 1974).

Judgment affirmed.

DOWD and STEWART, JJ., concur.